JUDGE BUCHWALD




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

NATALIYA MYKYTYAK-PENNING,

Plaintiff,

-against-

PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP., THREE B'S HOSPITALITY GROUP, a/k/a XYZ CORP., BARRY LIPSITZ and BARRY LIPSITZ, JR.,

Defendants.

---------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff NATALIYA MYKYTYAK-PENNING ("Plaintiff"), by and through her attorneys, Yitzchak Zelman, Esq., associated with The Law Office of Alan J. Sasson, P.C., as and for her Complaint against the Defendant PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP., THREE B'S HOSPITALITY GROUP, a/k/a XYZ CORP., BARRY LIPSITZ and BARRY LIPSITZ, JR., hereinafter referred to as "Defendants", respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages arising from the Defendants' violations of her workplace rights provided for by the Fair Labor Standards Act (the "FLSA") and New York's Labor Law (the "NYLL).
2. The Defendants operate a series of adult clubs throughout New York City, at which the Plaintiff was employed for nearly two years.
3. The Defendants' Clubs are owned by PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP., THREE B'S HOSPITALITY GROUP, a/k/a XYZ CORP., BARRY LIPSITZ and BARRY LIPSITZ, JR. Defendants operate as a single integrated enterprise that jointly employs entertainers at the Clubs.

4. During the Plaintiff's employment with the Defendants, the Plaintiff was improperly classified by the Defendants as an independent contractor, rather than an employee. This allowed the Defendants to deprive the Plaintiff of various rights, including her right to be paid minimum wages and overtime compensation, her right to keep customer tips, and other employment-related rights.

## PARTIES

### Plaintiff

5. Plaintiff is a resident of the State of New York, residing in Brooklyn, New York.
6. Plaintiff was employed as an entertainer at the Clubs owned and operated by the Defendants from September of 2012 until June 30, 2014. During this time, the Plaintiff performed work at Private Eyes and Flashdancers, two Clubs owned and operated by the Defendants.
7. Plaintiff is a 'covered employee' within the meaning of the FLSA and the NYLL.

### Defendants

8. Defendants jointly employed Plaintiff.
9. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.
10. Defendants are part of a single integrated enterprise that jointly employed Plaintiff.
11. Defendants' operations are interrelated and unified.
12. During all relevant times, the Clubs shared a common management and were centrally controlled and/or owned by Defendants.
13. During all relevant times, Defendants centrally controlled the labor relations of the Clubs.
14. During all relevant times, Defendants allowed employees to freely transfer or be shared by and between the Clubs, without retraining.

15. During all relevant times, Defendants exercised operational control over the management of the Clubs, including, but not limited to, control over: compensation of workers; food, drink and entertainment quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; architectural and interior design; sound, light and video design; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers; and inventory controls.

**Defendant - Private Eyes Gentlemen's Club A/K/A AAM Holding Corp.**

16. Together with the other Defendants, PRIVATE EYES GENTLEMEN'S CLUB a/k/a AAM HOLDING CORP., (AAM) owned and operated the Clubs during the relevant time period.

17. Private Eyes is a domestic business corporation organized and existing under the laws of New York.

18. Upon information and belief, AAM's principal executive office is located at 320 West 45th Street, New York, New York 10036, the address of Private Eyes.

19. AAM is the "PREMISES NAME" that appears on the New York State Liquor Authority license for the premises doing business as "Private Eyes" located at "316 318 320 West 45th Street, New York, New York 10036."

20. AAM is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed the Plaintiff.

21. At all relevant times, AAM has maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices.

22. Upon information and belief, at all relevant times, AAM's annual gross volume of sales made or business done was not less than $500,000.00.

**Defendant - Three B's Hospitality Group, A/K/A XYZ Corp.**

23. Together with the other Defendants, Defendant Three B's Hospitality Group, A/K/A XYZ Corp. (Three B's) has owned and/or operated the Clubs during the relevant period.

24. Upon information and belief, Three B's principal executive office is located at 1674 Broadway, New York, New York 10019, the address of Flashdancers.

25. According to its Facebook page, Three B's Hospitality is a "New York City based nightlife and restaurant group" consisting of Flashdancers, New York Dolls, Private Eyes and Mr. Robata (a Japanese grill and sushi bar located within Flashdancers)

26. Three B's Twitter feed not only posts information about each of the Clubs, but it refers to the Clubs as "Sister Clubs," "Our 3 Locations in NYC," and "Manhattan's #1 gentlemen's club chain."

27. Three B's Instagram page displays photographs relating to each of the Clubs, including a picture of a business card featuring all four Three B's Hospitality Group establishments. This page can be accessed by following the Instagram link on any of the three Clubs' websites.

28. Three B's is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed the Plaintiff.

29. At all relevant times, Three B's has maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices.

30. Upon information and belief, at all relevant times, Three B's annual gross volume of sales made or business done was not less than $500,000.00.

**Defendant – Barry Lipsitz**

31. Upon information and belief, Barry Lipsitz is a resident of the State of New York.

32. Barry Lipsitz is an owner of the Clubs.

33. On his LinkedIn profile, Barry Lipsitz lists his current company as 3B Hospitality Group, and identifies himself as "Owner Rest Nite Clubs."

34. At all relevant times, Barry Lipsitsz has had the power over personnel decisions at the Clubs, including the power to retain time and wage records.

35. At all relevant times, Barry Lipsitz has been actively involved in managing the day to day operations of the Clubs.

36. At all relevant times, Barry Lipsitz has had the power to stop any illegal pay practices that harmed Plaintiff.

37. At all relevant times, Barry Lipsitz has had the power to transfer the assets and liabilities of the Clubs.

38. At all relevant times, Barry Lipsitz has had the power to declare bankruptcy on behalf of the Clubs.

39. At all relevant times, Barry Lipsitz has had the power to enter into contracts on behalf of the clubs.

40. At all relevant times, Barry Lipsitz has had the power to close, shut down, and sell the Clubs.

41. Barry Lipsitz is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed the Plaintiff.

**Defendant – Barry Lipsitz, Jr.**

42. Upon information and belief, Barry Lipsitz, Jr. is a resident of the State of New York.

43. Barry Lipsitz, Jr. is an owner of the Clubs.

44. At all relevant times, Barry Lipsitz, Jr. has had the power over personnel decisions at the Clubs, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.